ROBERT L. GOLDSTEIN (CSBN 184226)
CINDY L. HO (CSBN 227226)
LAW OFFICES OF ROBERT L. GOLDSTEIN
100 BUSH STREET, SUITE 501
SAN FRANCISCO, CA 94104
Telephone: (415) 391-8710 EXT. 107
Facsimile: (415) 391-8701

ATTORNEYS FOR JESUS MARQUEZ,
OLGA MARQUEZ, RAMON MARQUEZ,
JUANITA MARQUEZ,
TAQUERIA LOS PRIMOS, and
TAQUERIA LOS PRIMOS NO. 2

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   vs.<br><br>JESUS MARQUEZ, OLGA MARQUEZ,<br><br>RAMON MARQUEZ, JUANITA MARQUEZ,<br><br>TAQUERIA LOS PRIMOS, and<br><br>TAQUERIA LOS PRIMOS NO. 2,<br><br>      Defendants | Case No.: CV 08 0891<br><br>DEFENDANTS JESUS MARQUEZ, OLGA MARQUEZ, RAMON MARQUEZ, JUANITA MARQUEZ, TAQUERIA LOS PRIMOS, AND TAQUERIA LOS PRIMOS NO. 2'S ANSWER |

COMES NOW the Defendants, Jesus Marquez, Olga Marquez, Ramon Marquez, Juanita Marquez, Taqueria Los Primos, and Taqueria Los Primos No. 2, deny any and all such allegations, and further admit or deny the specific allegations of the Complaint and states affirmative defenses, as follows:

## COUNT I

## JURISDICTION AND VENUE

1.   Defendants admit the allegations of the nature of the case in paragraph 1.

2.   Defendants admit the allegations of subject matter jurisdiction in paragraph 2.

3.   Defendants admit the allegations of personal jurisdiction of paragraph 3.

4.   Defendants admit the allegations of venue of paragraph 4.

## COUNT II

## IDENTIFICATION OF DEFENDANTS

5.   Defendants, Jesus and Olga Marquez, admit that they reside in this District, as alleged in paragraph 5.

6.   Defendants, Ramon and Juanita Marquez, admit that they reside in this District, as alleged in paragraph 6.

7.   Defendant Taqueria Los Primos, a partnership, admits that it resides in this District, as alleged in paragraph 7.

8.   Defendant Taqueria Los Primos No. 2, a partnership, admits that it resides in this District, as alleged in paragraph 8.

9.   Defendants admit that the real property subject of this foreclosure is located in this District, as alleged in

paragraph 9.

10.  Answering paragraph 10 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

11.  Defendants lack information sufficient to deny or admit the allegation where Defendant Bank of America is authorized to do business and its designated agent for service of process, as alleged in paragraph 11. Defendants admit that Defendant Bank of America may claim an interest in property described in paragraph 11.

12.  Answering paragraph 12 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

13.  Answering paragraph 13 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

14.  Answering paragraph 14 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

15.  Answering paragraph 15 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

16.  Answering paragraph 16 of the Complaint, Defendants

lack information sufficient to form a belief as to the facts
alleged, and on that basis, Defendants deny them.

## COUNT III

### RESPONSE REDUCE TO JUDGMENT ASSESSMENTS AGAINST JESUS AND OLGA MARQUEZ

17.    Paragraphs 1 – 16 are incorporated by reference.

18.    Defendants admit the allegations in paragraph 18.

19.    Defendants are without sufficient information to admit
or deny the allegations of timely notice and demand for payment
of the assessments described in paragraph 18, and therefore deny
them. Defendants further deny the allegation that Defendants
have "neglected, failed, or refused to pay the assessments"
described in paragraph 18. To the extent that the statements in
paragraph 19 refer to any allegations of improper, or otherwise
wrongful conduct on the part of Jesus and Olga Marquez, the
allegations are denied.

## COUNT IV

### RESPONSE REDUCE TO JUDGMENT ASSESSMENTS AGAINST RAMON AND JUANITA MARQUEZ

20.    Paragraphs 1 – 19 are incorporated by reference.

21.    Defendants admit the allegations in paragraph 21.

22.    Defendants are without sufficient information to admit
or deny the allegations of timely notice and demand for payment
of the assessments described in paragraph 21, and therefore deny

them. Defendants further deny the allegation that Defendants have "neglected, failed, or refused to pay the assessments" described in paragraph 21. To the extent that the statements in paragraph 22 refer to any allegations of improper, or otherwise wrongful conduct on the part of Ramon and Juanita Marquez, the allegations are denied.

## COUNT V

## RESPONSE REDUCE TO JUDGMENT ASSESSMENTS AGAINST TAQUERIA LOS PRIMOS

23.  Paragraphs 1 – 22 are incorporated by reference.

24.  Defendant admits the allegations in paragraph 24.

25.  Defendant Taqueria Los Primos, a partnership, and its partners, Jesus Marquez and Ramon Marquez , are without sufficient information to admit or deny the allegations of timely notice and demand for payment of the assessments described in paragraph 24, and therefore deny them. Defendants further deny the allegation that Defendants have "neglected, failed, or refused to pay the assessments" described in paragraph 24. To the extent that the statements in paragraph 25 refer to any allegations of improper, or otherwise wrongful conduct on the part of Taqueria Los Primos, the allegations are denied.

//

## COUNT VI

## RESPONSE REDUCE TO JUDGMENT ASSESSMENTS AGAINST TAQUERIA LOS PRIMOS NO. 2

26.  Paragraphs 1 – 25 are incorporated by reference.

27.  Defendant admits the allegations in paragraph 27.

28.  Defendant Taqueria Los Primos No. 2, a partnership, and its partners, Jesus Marquez and Ramon Marquez, are without sufficient information to admit or deny the allegations of timely notice and demand for payment of the assessments described in paragraph 27, and therefore deny them. Defendants further deny the allegation that Defendants have "neglected, failed, or refused to pay the assessments" described in paragraph 27. To the extent that the statements in paragraph 28 refer to any allegations of improper, or otherwise wrongful conduct on the part of Taqueria Los Primos No. 2, the allegations are denied.

## COUNT VII

## RESPONSE FORECLOSURE FEDERAL TAX LIENS

29.  Paragraphs 1 – 28 are incorporated by reference.

30.  Defendants, Jesus and Olga Marquez, admit allegations in paragraph 30. However, Defendants deny allegations to the extent that the statements in paragraph 30 refer to any allegations of neglect or refusal to pay the assessments described in paragraph 18.

31.  Defendants, Jesus and Olga Marquez, generally believe the assertions of paragraphs 18 and 31 to be true, and reserve the right to admit or deny any related assertions which might subsequently be asserted by the government.

32.  Defendants, Ramon and Juanita Marquez, admit allegations in paragraph 32. However, Defendants deny allegations to the extent that the statements in paragraph 32 refer to any allegations of neglect or refusal to pay the assessments described in paragraph 21.

33.  Defendants, Ramon and Juanita Marquez, generally believe the assertions of paragraphs 21 and 33 to be true, and reserve the right to admit or deny any related assertions which might subsequently be asserted by the government.

34.  Defendant Taqueria Los Primos, a partnership, and its partners, Jesus Marques and Ramon Marquez, admit allegations in paragraph 34. However, Defendant denies allegations to the extent that the statements in paragraph 34 refer to any allegations of neglect or refusal to pay the assessments described in paragraph 24.

35.  Defendant Taqueria Los Primos, a partnership, and its partners, Jesus Marquez and Ramon Marquez, generally believe the assertions of paragraphs 24 and 35 to be true, and reserve the right to admit or deny any related assertions which might subsequently be asserted by the government.

36.   Defendant Taqueria Los Primos No. 2, a partnership, and its partners, Jesus Marques and Ramon Marquez, admit allegations in paragraph 36. However, Defendant denies allegations to the extent that the statements in paragraph 36 refer to any allegations of neglect or refusal to pay the assessments described in paragraph 27.

37.   Defendant Taqueria Los Primos No. 2, a partnership, and its partners, Jesus Marquez and Ramon Marquez, generally believe the assertions of paragraphs 27 and 37 to be true, and reserve the right to admit or deny any related assertions which might subsequently be asserted by the government.

38.   Defendants admit the allegations in paragraph 38.

### AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

SEIZURE IS NOT A REASONABLE ALTERNATIVE FOR COLLECTION BECAUSE EQUITY IN THE PROPERTY IS INSUFFICIENT TO SATISFY THE LIABILITY

39.   Pursuant to 26, United States Code, Sections 6331(j), prior to seizure, Plaintiff must implement a thorough investigation establishing that there is sufficient equity from the sale real property described in paragraph 9 of the Complaint to satisfy the tax liability.

40.   Defendants believe that the fair market value of the residence described in paragraph 9 of the Complaint has significantly declined since the last professional appraisal

performed on April, 14 2005. Accordingly the equity in this residence, in a sale, is believed to be insufficient to satisfy assessments described in paragraphs 18, 21, 24, and 27 of the Complaint.

SECOND AFFIRMATIVE DEFENSE

REASONABLE ALTERNATIVES FOR COLLECTION EXISTS

41.  Pursuant to Treasury Regulations, Subchapter F, Section 301.6334-1(d)(1), Plaintiff must establish that there are no other reasonable alternatives for collection of the tax liabilities.

42.  Defendants allege that a reasonable alternative for collection is to allow the Defendants to pursue a home loan or refinance. If successful, Defendants would forward all loan proceeds to Plaintiff which would substantially reduce the assessments described in paragraphs 18, 21, 24, and 27 of the Complaint.

43.  Further, seizure of the home residence is against public policy in light of the reasonable alternative to collection stated above in paragraph 42. Especially, when considering that Defendants, Jesus and Olga Marquez and Ramon and Juanita Marquez, including their four children would be homeless if seizure of the real property was granted.

//

WHEREFORE, Defendants pray this Honorable Court for the following relief:

1.    For a finding that Plaintiff has failed to fully investigate and establish that foreclosure of real property described in paragraph 9 of the Complaint would sufficiently satisfy Defendants' unpaid federal liabilities;

2.    For a finding that Plaintiff has failed to show that there are no other reasonable alternatives to collection of Defendants' unpaid federal liabilities;

3.    For dismissal of the Plaintiff's action with prejudice; and

4.    For such further and other relief and the Court deems fair and just.


                    Dated this 11th day of March, 2008

                    /S/ CINDY L. HO

                    CINDY L. HO
                    (CSBN 227226)
                    ROBERT L. GOLDSTEIN
                    (CSBN 184226)

                    THE LAW OFFICES OF ROBERT L. GOLDSTEIN
                    100 BUSH STREET, SUITE 501
                    SAN FRANCISCO, CA  94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Cindy L. Ho, am an attorney for the Defendant in the above-entitled action. I have read the foregoing *Answer* and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California.

Dated this 11th day of March, 2008

/S/ CINDY L. HO

CINDY L. HO
(CSBN 227226)
ROBERT L. GOLDSTEIN
(CSBN 184226)

THE LAW OFFICES OF ROBERT L. GOLDSTEIN
100 BUSH STREET, SUITE 501
SAN FRANCISCO, CA  94104