UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JESUS MARQUEZ, OLGA MARQUEZ, RAMON MARQUEZ, JUANITA MARQUEZ, TAQUERIA LOS PRIMOS, TAQUERIA LOS PRIMOS NO. 2, LUIS GALINDO, MARTHA GALINDO, BANK OF AMERICA, N.A., STATE OF CALIFORNIA FRANCHISE TAX BOARD, STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, STATE OF CALIFORNIA BOARD OF EQUALIZATION, STATE OF CALIFORNIA DEPARTMENT OF LABOR, SAN MATEO COUNTY TAX COLLECTOR,<br><br>    Defendants. | No. C-08-0891-MEJ<br><br>ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter came before the court on the United States' Motion For Partial Summary Judgment. The oral arguments were heard on November 5, 2009, and December 3, 2009, and the court considered the record, the arguments of counsel, and the applicable authorities.

The United States brought this action to reduce to judgment certain tax assessments made against defendants Jesus and Olga Marquez, Ramon and Juanita (aka Juana) Marquez, Taqueria Los Primos, a partnership, and its partners Jesus Marquez and Ramon Marquez, and Taqueria Los Primos No. 2, a partnership, and its partners Jesus Marquez and Ramon Marquez; and, to foreclose certain tax liens against the real property located at 791 South Johnston Street, Half

Moon Bay, California 94109. By this motion, the United States seeks to reduce to judgment the tax assessments made against the defendants.

The Internal Revenue Service (hereafter "IRS") made assessments against defendants Jesus Marquez and Olga Marquez for unpaid federal income taxes (Form 1040), penalties, and interest for the years 1994, 1995, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, which amounts remain due and owing in the total amount of $166,851.53, as of November 5, 2009, with interest and penalties continuing to accrue thereafter until paid.

The balances due on the unpaid tax assessments to November 5, 2009, are set forth in the following table:

Jesus and Olga Marquez

| Tax Period/<br>Type of Tax | Date of Assessment | Balance of Tax,<br>Interest, Fees & Penalties as<br>of November 5, 2009 |
|---|---|---|
| 12/31/1994<br>Form 1040 | 2/16/1998 | $11,692.30 |
| 12/31/1995<br>Form 1040 | 2/16/1998 | $8,243.58 |
| 12/31/1998<br>Form 1040 | 4/19/2004 | $21,947.04 |
| 12/31/1999<br>Form 1040 | 9/6/2004 | $32,153.59 |
| 12/31/2000<br>Form 1040 | 10/11/2004 | $33,466.91 |
| 12/31/2001<br>Form 1040 | 8/30/2004 | $22,061.15 |
| 12/31/2002<br>Form 1040 | 5/31/2004 | $12,441.64 |
| 12/31/2003<br>Form 1040 | 5/9/2005 | $17,578.24 |
| 12/31/2004<br>Form 1040 | 5/23/2005 | $7,267.08 |

The IRS made assessments against defendants Ramon Marquez and Juana Marquez for unpaid federal income taxes (Form 1040), penalties, and interest for the years 1994, 1995, 1996, 1998, 1999, 2000, 2001, 2002, 2003 and 2004, which amounts remain due and owing in the total

amount of $174,171.88, as of November 5, 2009, with interest and penalties continuing to accrue thereafter until paid.

The balances due on the unpaid tax assessments to November 5, 2009, are set forth in the following table:

Ramon and Juana Marquez

| Tax Period/<br>Type of Tax | Date of Assessment | Balance of Tax,<br>Interest, Fees & Penalties as<br>of November 5, 2009 |
|---|---|---|
| 12/31/1994<br>Form 1040 | 2/16/1998 | $13,188.40 |
| 12/31/1995<br>Form 1040 | 2/16/1998 | $9,467.15 |
| 12/31/1996<br>Form 1040 | 6/29/1998 | $166.09 |
| 12/31/1998<br>Form 1040 | 7/12/2004 | $21,943.67 |
| 12/31/1999<br>Form 1040 | 9/6/2004 | $33,509.04 |
| 12/31/2000<br>Form 1040 | 9/6/2004 | $35,562.86 |
| 12/31/2001<br>Form 1040 | 8/30/2004 | $23,060.45 |
| 12/31/2002<br>Form 1040 | 2/21/2005 | $13,890.06 |
| 12/31/2003<br>Form 1040 | 4/25/2005 | $19,391.16 |
| 12/31/2004<br>Form 1040 | 5/23/2003 | $3,993.00 |

The IRS made assessments against defendant Taqueria Los Primos, a partnership, for unpaid federal employment taxes (Form 941) for the taxable quarters ended December 31, 1997, December 31, 1998, September 30, 1999, September 30, 2002, March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, and September 30, 2005.  The IRS made assessments against Taqueria Los Primos, a partnership, for unpaid federal unemployment taxes

(Form 940) for the tax periods ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004. The IRS made assessments of civil penalties against Taqueria Los Primos, a partnership, for the tax periods December 31, 1998, December 31, 1999, December 31, 2000, December 31, 2001, and December 31, 2003. There remains due and owing the total amount of $54,556.83, as of November 5, 2009, with interest and penalties continuing to accrue thereafter until paid. Jesus Marquez and Ramon Marquez are the general partners of Taqueria Los Primos, each owning 50%.

The balances due on the unpaid tax assessments to November 5, 2009, are set forth in the following table:

Taqueria Los Primos

| Tax Period/ Type of Tax | Date of Assessment | Balance of Tax, Interest, Fees & Penalties as of November 5, 2009 |
| --- | --- | --- |
| 12/31/1997 Form 941 | 11/9/1998 | $4,401.70 |
| 12/31/1998 Form 941 | 5/13/2002 | $3,794.43 |
| 9/30/1999 Form 941 | 12/20/1999 | $2,130.46 |
| 9/30/2002 Form 941 | 3/21/2005 | $2,669.19 |
| 3/31/2003 Form 941 | 2/28/2005 | $2,594.59 |
| 6/30/2003 Form 941 | 2/28/2005 | $2,559.98 |
| 9/30/2003 Form 941 | 3/21/2005 | $2,529.38 |
| 12/31/2003 Form 941 | 8/30/2004 | $389.72 |
| 3/31/2004 Form 941 | 2/28/2005 | $4,544.58 |
| 6/30/2004 Form 941 | 2/28/2005 | $3,070.50 |
| 9/30/2004 Form 941 | 2/28/2005 | $3,196.32 |

| Tax Period/<br>Type of Tax | Date of Assessment | Balance of Tax,<br>Interest, Fees & Penalties as<br>of November 5, 2009 |
|---|---|---|
| 12/31/2004<br>Form 941 | 4/4/2005 | $3,099.65 |
| 3/31/2005<br>Form 941 | 6/27/2005 | $153.98 |
| 6/30/2005<br>Form 941 | 10/3/2005 | $159.06 |
| 9/30/2005<br>Form 941 | 1/2/2006 | $137.51 |
| 12/31/2001<br>Form 940 | 4/22/2002 | $25.69 |
| 12/31/2002<br>Form 940 | 4/21/2003 | $226.59 |
| 12/31/2003<br>Form 940 | 3/7/2005 | $339.06 |
| 12/31/2004<br>Form 940 | 4/11/2005 | $431.70 |
| 12/31/1998<br>Civil Penalty | 12/3/2001 | $3,884.93 |
| 12/31/1999<br>Civil Penalty | 11/4/2002 | $4,580.32 |
| 12/31/2000<br>Civil Penalty | 11/17/2003 | $4,649.51 |
| 12/31/2001<br>Form 1065 | 12/13/2004 | $4,447.80 |
| 12/31/2003<br>Form 1065 | 3/21/2005 | $540.18 |

The IRS made assessments against defendant Taqueria Los Primos No. 2, a partnership, for unpaid federal employment taxes (Form 941) for the taxable quarters ended December 31, 1996, December 31, 1997, March 31, 1998, December 31, 1998, September 30, 1999, March 31, 2002, September 30, 2002, March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, and December 31, 2004. The IRS made assessments against Taqueria Los Primos No. 2, a partnership, for unpaid federal unemployment taxes (Form 940) for the tax periods ending December 31, 1998, December 31,

Order Granting U.S.' Mot. For Part. S/J
(No. C-08-00891-MEJ)                                5

2000, December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004. The IRS made assessments of civil penalties against Taqueria Los Primos No. 2, a partnership, for the tax periods December 31, 1997, December 31, 1998, and December 31, 2003. There remains due and owing the total amount of $36,701.40, as of November 5, 2009, with interest and penalties continuing to accrue thereafter until paid. Jesus Marquez and Ramon Marquez are the general partners of Taqueria Los Primos No. 2, each owning 50%.

The balances due on the unpaid tax assessments to November 5, 2009, are set forth in the following table:

Taqueria Los Primos No. 2

| Tax Period/<br>Type of Tax | Date of Assessment | Balance of Tax,<br>Interest, Fees & Penalties as<br>of November 5, 2009 |
|---|---|---|
| 12/31/1996<br>Form 941 | 5/13/2002 | $1,436.59 |
| 12/31/1997<br>Form 941 | 5/13/2002 | $3,662.33 |
| 3/31/1998<br>Form 941 | 6/22/1998 | $295.03 |
| 12/31/1998<br>Form 941 | 5/13/2002 | $3,794.43 |
| 9/30/1999<br>Form 941 | 12/27/1999 | $2,130.10 |
| 3/31/2002<br>Form 941 | 2/28/2005 | $1,834.28 |
| 9/30/2002<br>Form 941 | 3/21/2005 | $2,669.19 |
| 3/31/2003<br>Form 941 | 2/28/2005 | $2,594.59 |
| 6/30/2003<br>Form 941 | 2/28/2005 | $2,559.98 |
| 9/30/2003<br>Form 941 | 3/21/2005 | $2,529.38 |
| 12/31/2003<br>Form 941 | 8/30/2004 | $394.16 |
| 3/31/2004<br>Form 941 | 2/28/2005 | $2,496.68 |

| Tax Period/<br>Type of Tax | Date of Assessment | Balance of Tax,<br>Interest, Fees & Penalties as<br>of November 5, 2009 |
|---|---|---|
| 6/30/2004<br>Form 941 | 2/28/2005 | $253.19 |
| 9/30/2004<br>Form 941 | 2/28/2005 | $1,525.90 |
| 12/31/2004<br>Form 941 | 4/4/2005 | $1,037.63 |
| 12/31/1998<br>Form 940 | 4/29/2002 | $108.57 |
| 12/31/2000<br>Form 940 | 4/11/2005 | $93.11 |
| 12/31/2001<br>Form 940 | 4/22/2002 | $1,330.02 |
| 12/31/2002<br>Form 940 | 4/14/2003 | $226.59 |
| 12/31/2003<br>Form 940 | 3/7/2005 | $339.06 |
| 12/31/2004<br>Form 940 | 4/11/2005 | $294.70 |
| 12/31/1997<br>Civil Penalty | 11/6/2000 | $3,793.07 |
| 12/31/1996<br>Form 1065 | 7/6/1998 | $632.10 |
| 12/31/2003<br>Form 1065 | 5/2/2005 | $670.72 |

The above listed tax liabilities are evidenced by Certificates of Assessments and Payments (Form 4340s). A Certificate of Assessments and Payments is admissible into evidence pursuant to Rules 803(8) and 902(4) of the Federal Rules of Evidence and is the proper means of establishing the facts of the administrative assessment, notice, and demand for payment. *United States v. Lorsen Electric Co.*, 480 F.2d 554, 555-56 (2d Cir. 1973); *United States v. Strebler*, 313 F.2d 402, 403-04 (8th Cir. 1963). An assessment for unpaid federal taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies the government's burden of proof so that the United States may rest its case. *United States v. Janis*, 428 U.S. 433, 440-41 (1976); *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Rockwell v.*

Order Granting U.S.' Mot. For Part. S/J
(No. C-08-00891-MEJ)               7

1  *Commissioner*, 512 F.2d 882, 885 (9th Cir. 1975), *cert. denied*, 423 U.S. 1015 (1975).  The
2  defendant taxpayer must then come forward with enough evidence to support a contrary finding
3  to the IRS's determination.  *Rockwell*, 512 F.2d at 885.  The taxpayers failed to come forward
4  with any evidence to support a contrary finding to the IRS's determination.

5        The taxpayer must also show the incorrectness of additions to the tax that were assessed
6  for the taxpayer's failure to timely file a return, failure to pay tax, and for statutory interest of the
7  assessments.  These assessments are also entitled to a presumption of validity.  *See*, *e.g.*, *Norton*
8  *v. United States*, 551 F.2d 821, 827 (Ct. Cl.), *cert. denied,* 434 U.S. 831 (1977); *Estate of Geraci*
9  *v. Commissioner*, 502 F.2d 1148, 1149-50 (6th Cir. 1974), *cert. denied*, 420 U.S. 992 (1975).
10 The taxpayers failed to show the incorrectness of additions to the tax that were assessed and for
11 statutory interest of the assessments.

12       Because the taxpayers failed to meet their burden of showing the assessments to be
13 incorrect, summary judgment in favor of the United States is hereby granted.  *United States v.*
14 *Chila*, 871 F.2d 1015 (11th Cir. 1989); *Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966).

17 Dated: December 9, 2009

